UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANTOS GARCIA RAMIREZ,

Petitioner,

v.

WARDEN, et. al.,

Respondents.

Case No. 2:26-cv-03206-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. ORDER

Petitioner Santos Garcia Ramirez is a citizen of Mexico who has lived in this country for the past seven years, has worked continuously in the construction trade, is married, and has two children who are U.S. citizens. Dkt. 5 ¶¶ 9, 19. According to his habeas petition, on August 3, 2026, Petitioner was parked in his car in a Walmart parking lot with one of his children in the rear seat. *Id*. Immigration and Customs Enforcement ("ICE") agents approached him, smashed the driver's side window of his car, and asked him if his name was "Juan." *Id*. ¶ 10. After Petitioner identified himself as not being the person the agents were seeking, the agents instructed Petitioner to report the following day to an ICE office in Tukwila, Washington. *Id*. When Petitioner dutifully showed up the next day, ICE officers arrested him without warning or explanation. *Id*. ¶ 11. He remains detained.

On September 4, Petitioner filed this petition for a writ of habeas corpus asking the Court to either order Respondents to release him or order them to provide him with a bond hearing. *Id.* at 9. On September 21, Respondents filed a response to the petition. Dkt. 7. On September 22, the case was transferred to the Court. Although a reply is not due until October 6, in the interest of saving time and because the Court has sufficient information to proceed, the Court considers the matter ready for review.

Respondents have submitted nothing to dispute the facts alleged by Petitioner. Instead, Respondents concede that Petitioner is a Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025). Dkt. 7 at 2. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Members of the *Rodriguez Vazquez* class are entitled to a bond hearing under § 1226.

The Court agrees that Petitioner is a member of the *Rodriguez Vazquez* class. While the record here suggests that Petitioner has strong community ties and is not a flight risk, it is not the Court's role "to decide in the first instance whether a noncitizen is entitled to discretionary release on bond when the INA [Immigration and Nationality Act] commits that decision to the executive branch." *Caldera Orozco v. Hernandez*, No. 26-2313-TMC, 2026 WL 2186144, at *2 (W.D. Wash. July 29, 2026). Petitioner must first seek release from an Immigration Judge ("IJ"). If he is denied bond, Petitioner may appeal the IJ's decision to the Board of Immigration Appeals or if he can show that such an appeal would be futile, *see Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021), he may file another habeas petition in federal court challenging the IJ's decision as an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024).

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of this Order, Respondents must either release Petitioner Santos Garcia Ramirez or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 25th day of September, 2026.

Tiffany M. Cartwright
United States District Judge